OPINION
Brian Brown, a juvenile, appeals a judgment of the Court of Common Pleas, Juvenile Division, which found him delinquent by reason of one count of felonious assault in violation of R.C.2903.11; one count of escape in violation of R.C. 2921.34; two counts of assault on a police officer in violation of R.C. 2903.13; and one count of resisting arrest in violation of R.C. 2921.33. Appellant assigns four errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING JUVENILE TO BE DELINQUENT BY REASON OF FELONIOUS ASSAULT.
 II. THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT THE TRIAL COURT'S FINDING THAT JUVENILE WAS DELINQUENT BY ONE COUNT OF FELONIOUS ASSAULT.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING JUVENILE DELINQUENT BY ONE COUNT OF ASSAULT ON A PEACE OFFICER.
 IV. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT THE TRIAL COURT'S FINDING THAT JUVENILE WAS DELINQUENT BY ONE COUNT OF ASSAULT ON A PEACE OFFICER.
The State presented evidence on the day in question, the Stark County Juvenile Court had adjudicated appellant delinquent on earlier charges and remanded him to the custody of the Department of Youth Services. As Deputy Sheriff Melissa Climo escorted appellant from the courtroom to the holding cell, appellant became combative. Several deputies assisted Deputy Climo in subduing appellant and placing him in leg irons, but not before he kicked Deputy Walt Benedict three times. Deputies then escorted appellant and three other juvenile prisoners to the elevator in order to transport them back to the Juvenile Attention Center. The juveniles were belly chained together in pairs. The State maintained as appellant walked to the elevator, he spat on one of the officers and body slammed him against the wall. Another deputy used mace or pepper spray to subdue appellant, while a third deputy, Deputy Finch, placed the appellant in a head lock and pushed him into the elevator. As Deputy Finch and appellant entered the elevator, Deputy Finch felt his holster come unsnapped and his weapon began to come out. Deputy Finch pushed his weapon back into his holster with his forearm and slammed appellant against the elevator wall. Deputy Finch testified although he did not see who unsnapped his holster, and pulled his weapon out, appellant was the only person close enough to have done it. Appellant presented testimony the movement of his hands was restricted because of the belly chain, he was unable to open his eyes because of the pepper spray, and he did not attempt to draw Deputy Finch's weapon from his holster.
 I and II
R.C. 2903.11 defines felonious assault as knowingly causing or attempting to cause physical harm to another by means of a deadly weapon or dangerous ordinance. If the victim of the offense is a police officer, the assault is a felony of the first degree.
R.C. 2929.02 defines attempt as purposely or knowingly engaging in conduct which, if successful, would constitute the offense. An attempt must be an act which constitutes a substantial step in a course of conduct which will result in a commission of the crime, see State v. Woods (1976), 48 Ohio St.2d 127.
Appellant argues the State presented insufficient evidence to entitle the court to find him delinquent by virtue of felonious assault. Appellant concludes the court's finding on this issue was contrary to law.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court explained the difference between sufficiency of the evidence and weight of the evidence. The Supreme Court held the legal concepts between the two are both qualitatively and quantitatively different. The Supreme Court found sufficiency is a test of adequacy and presents a question of law similar to the question of law presented in a motion brought pursuant to Crim. R. 29 (A). Thompkins, at 386. A challenge to the sufficiency of the evidence supporting a conviction requires a reviewing court to determine whether the State has met its burden of production at trial. Courts do not assess the credibility of the evidence, but rather, determine whether, if believed by the trier of fact, the evidence against a defendant will support a conviction, Thompkins,
at 390, citing State v. Jenks (1991), 61 Ohio St.3d 259, Cook and Stratton, concurring.
Appellant maintains the evidence provided both by the State and by the appellant establish overwhelmingly that he did not and could not have touched Deputy Finch's weapon. Appellant points out there were at least three other persons in the elevator, a small confined place.
Appellant also argues the State had not proven he possessed the necessary mens rea.
We have reviewed the record, and we find there was sufficient competent and credible evidence presented which, if believed by the trier of fact, would warrant the conclusion the State had proved each of essential elements of the crime beyond a reasonable doubt.
The first and second assignments of error are overruled.
 III and IV
Appellant next urges the State failed to prove his actions were directed against police officers in their official capacity.
We have reviewed the record, and we find there is overwhelming evidence the various deputies appellant assaulted were acting in their official capacity at the time of this incident. The various officers testified they were peace officers, employed either by the Stark County Sheriff's Department or the Alliance Police Department, and were instructed to be in the Family Court area at the time the incident occurred.
The third and fourth assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman, J., and Wise, J., concur
 JUDGMENT ENTRY
CASE NO. 97-CA-0189
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.